UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JERMAINE M. SMITH** ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:11-0983 |
| ] | Judge Sharp |
| **MONTGOMERY COUNTY JAIL, et al.** ] | |
|     Defendants. ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Jail and ABL Food Services, a contract provider of meals at that facility, seeking damages.

The plaintiff complains about conditions of his confinement at the Montgomery County Jail. More specifically, he believes that the food provided to him is not adequate to meet his nutritional needs. In addition, the plaintiff complains about a lack of items to maintain personal hygiene, soured bedding, an ineffective grievance procedure, dirty water, insect infestation, discriminatory conduct, and verbally abusive guards.

This action is being brought against the defendants in their official capacities only. A suit against an individual defendant in his official capacity is the equivalent of a suit against the

governmental entity of which the individual defendant is an agent. Matthews v. Jones, 35 F.3d 1046,1049 (6th Cir.1994); *see also* Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims are against Montgomery County, the municipal entity that operates the Montgomery County Jail. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Montgomery County or its agent, the Montgomery County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Montgomery County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Montgomery County. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge